STATE EX REL. MCKENZIE v. H. H. HYMAN, DIRECTOR OF FIRE SERVICE.

1. FINDING OF TRIBUNAL UNDER SEC. 1545-24, REV. STAT. CONCLUSIVE.

The relator, formerly a member of the fire department, having had a hearing as to the charges preferred against him, before the tribunal authorized by Sec. 1545-24, Rev. Stat., 92 O. L., 446, consisting of the mayor, director of law and president of the council, and having been found guilty and removed from office, the circuit court, on mandamus to reinstate him, will not go into the evidence concerning the charges and specifications nor take any evidence concerning the proceedings before the board. The finding of such board is conclusive.

**2. POWER TO MAKE FIRE DEPARTMENT RULES.**

Under Sec. 1545–51, Rev. Stat., of the federal plan law of Cleveland, providing that "the officers and members of the fire force shall be appointed by the director of fire service, subject to the provisions of Sec. 1545–6, of the act, but from and after the passage of this act no such appointment or any pro-motion in said force shall be lawful, except in cases of emergency, unless made under and in pursuance of rules or regulations providing for the ascer-taining of the comparative fitness of all the applicants * * * which it shall be the duty of the mayor and the head of the department to make and submit to the council " the officers named have power 'to make not only rules relative to appointments and promotions, but also general rules for the goverment of the department, such as rules preventing members of the department from assigning their salaries, requiring them to pay their debts and exacting general good behavior. The power to make the rules last referred to is not limited by Sec. 1545–52, Rev. Stat., providing that " except as herein otherwise provided, the power and duties heretofore vested in the board of fire commissioners in such cities are hereby vested in the director of fire service, and all provisions of law pertaining to the fire department as hereinbefore constituted shall apply to the department of fire and be admin-istered by the director thereof," nor by Sec. 2464, Rev. Stat., providing that " the board of fire commissioners shall prescribe the duties of all officers and members of the fire department," to the director of fire alone.

**8. RULES SO MADE ARE MADE BY THE HEAD OF THE DEPARTMENT.**

Rules and regulations for the government of the fire department of Cleveland made by the mayor and head of the department under Sec. 1545–51, Rev. Stat., are made by the head of the department as contemplated by Sec. 2464, Rev. Stat., and do not lose their force by the fact that the mayor joined in making them.

**4. RULES AGAINST ASSIGNING SALARY OR NON-PAYMENT OF DEBTS—VALID.**

A rule or regulation forbidding an officer of the fire department of Cleveland from selling or assigning his salary or incurring or contracting debts or liabilities which he is unable or unwilling to pay, or neglecting or refusing to honorably discharge and promptly pay all indebtedness, etc., if strictly enforced might work hardship in certain cases, but is not unreasonable or invalid.

**5. RULE AS TO CONDUCT VALID.**

A rule of a department of a city government requiring a member not to be guilty of conduct unbecoming an officer or a gentleman, or of conduct in any manner prejudicial to the good reputation, order or discipline of the depart-ment, is not unreasonable or invalid.

APPEAL.

*Noble* and *Hardy*, for plaintiff.
*Hogsett, Beacom, Excell, Gage & Carey*, for defendant.

MARVIN, J.

The relator was a member of the fire department of the city of Cleveland. The defendant was the director of fire service of said city.

On December 29, 1900, charges and specifications were preferred against the relator, and on January 11, 1901, a hearing was had upon such charges and specifications, before a tribunal consisting of the mayor of the city of Cleveland, the director of law of said city, and the president of the city council. The result of such hearing was that a finding, concurred in by two members of the tribunal, to-wit, the mayor and director of law, found the relator guilty, and on January 18, 1901, he was dismissed from the fire department of the city. His petition in this case seeks to have an order made that he be restored to his former position in the department.

State v. Hyman.

The question as to the finding by a majority of the board, which is raised in this case, is found against the relator and is discussed in the opinion delivered in this court at this term in State v. Barrett, 12 Circ. Dec. 231.

No question is made here that the charges are not sufficiently specific.

The rules which, it is said, were violated, are rules 15 and 23 respectively.

On the hearing of this case we decided that we could not go into the evidence as to the facts concerning the charges and specifications, nor could we take any evidence concerning the proceeding before the board. Having disposed of the question as to the finding of a majority of the tribunal being sufficient, there remains this question made by the relator, to-wit, are the rules, the violation of which was charged against the relator, valid?

It is said that the rules for the government of the fire department are invalid, for that they have never been adopted as provided by law and that, therefore, neither rule 15 nor rule 23, which the relator was charged with violating, is of any force or effect.

Section 1545–51, Rev. Stat., provides that:

" The officers and members of the fire force shall be appointed by the director of fire service, subject to the provisions of Sec. 6 [§ (1545–6)] of this act, but from and after the passage of this act no such appointment or any promotion in said force shall be lawful, except in cases of emergency, unless made under and in pursuance of rules and regulations providing for the ascertaining of the comparative fitness of all applicants for appointment or promotion by a systematic, open and competitive examination of such applicants, which rules and regulations it shall be the duty of the mayor and the head of the department to make and submit to the council, and when approved by the council they shall be promulgated and enforced as permanent rules," etc.

It is conceded that the rules offered in evidence in this case (including rule 15 and rule 23), were adopted in pursuance of this provision of the statute ; but the argument is made in behalf of the relator that the section of the statute hereinbefore quoted does not authorize the making of rules by the mayor, and head of the department which when approved by the council, are to be the permanent rules of the department upon any other subject than that of *appointments* and *promotions* in the department, and, hence, that the rules which have been so made, approved and promulgated, are of no force except in so far as they provide for the appointment and promotion of members of the department.

Attention is called by counsel for the relator to Sec. 1545–52, Rev. Stat., which provides that:

" Except as herein otherwise provided, the powers and duties heretofore vested in the board of fire commissioners in such cities are hereby vested in the director of fire service, and all provisions of law pertaining to the fire department as heretofore constituted shall apply to the department of fire and be administered by the director thereof."

We are then referred to Sec. 2464, Rev. Stat., which provides that :

" The board 'of fire commissioners' shall prescribe the duties of all officers and members of the 'fire department.' "

From these two sections it is urged that all rules as to the duties of the officers of the department must be prescribed by the director of fire *alone*.

We think the contention as to the scope of Sec. 1545–51, is too narrow and that the section contemplates that general rules for the government of the department shall be fixed as therein provided. The fact that the section expressly provides that appointments and promotions shall only be made in pursuance of rules to be adopted as provided in the section seems to contemplate that the rules for the general government of the department are to be thus provided and that such general rules shall include the rules for appointment and promotion. If, however, this is not the case, these rules under consideration were promulgated by the head of the department, and the fact that the mayor joined with him in fixing these rules, cannot take away the force of the rules which it was the duty of the head of the department to fix and promulgate. Whichever view, then, of the matter be taken, we think the contention of the relator is unsound.

It is further urged on behalf of the relator that the rules are so unreasonable that the court should hold them to be null and void.

Rule 15 provides that an officer of the department shall " not sell or assign his salary or incur or contract any debts or liabilities which he is unable or unwilling to pay, or neglect or refuse to honorably discharge and promptly pay all indebtedness, claims and judgments and satisfy all executions that may be held or issued against him," etc.

That a strict enforcement of this rule might work great hardship in some cases may be conceded, and yet we are not prepared to say that the rule is an unreasonable one. If members of the department may constantly contract debts without paying them, discredit is likely to come to the department and the head of the department may be subjected to constant annoyance by creditors of those in his department. If one undertakes service in the department, certain important advantages come to him, and it is not unreasonable that he should be required to look after his debts with greater promptness than one not in the public service.

Rule 23 provides that a member of the department shall "not be guilty of conduct unbecoming an officer or a gentleman, or of conduct in any manner prejudicial to the good reputation, order or discipline of the department."

That this rule is entirely reasonable, can hardly be doubted.

If the allegations of the petition in this case are true, the relator has suffered great hardship at the hands of the defendant, but, as we can not inquire into the facts upon which the charges were based, nor into the manner in which the trial was had, we are brought to the conclusion that the petition must be dismissed at the costs of the relator.